**WATKINS v. MORGENTHAU, Secretary of the Treasury, et al.**

**No. 2906.**

District Court, E. D. Pennsylvania.

July 20, 1944.

530

Edward S. Morris and Duane, Morris & Heckscher, all of Philadelphia, Pa., for plaintiff.

Frank Bradley, Asst. U. S. Dist. Atty., of Norristown, Pa., and Gerald A. Gleeson, U. S. Dist. Atty., of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

In this civil action for a declaratory judgment the plaintiff seeks to establish her American citizenship. She has moved for summary judgment, basing her motion upon admissions in the pleadings, affidavits of her sister and herself, and copies of certain letters, sworn statements and documents filed with the Department of Justice at the time of the administrative hearing, the authenticity of which are not disputed. No question is raised as to the propriety of the procedure. The following material facts are not controverted:

The plaintiff was born in Japan on April 12, 1896, being the youngest of six children. Her mother, born in the United States in 1859, had gone to Japan with her parents when she was 16 years old and in 1886 had married the plaintiff's father, a citizen and resident of Japan. The plaintiff's mother continued to live in Japan from the date of her marriage until 1900, in a home provided by her husband. In 1900 she left her husband and returned to the United States, bringing her children with her, where she resided continuously until her death in 1935. A document signed by the plaintiff's father dated May 26, 1900, about the time the plaintiff's mother came to America, shows that he agreed to her going and remaining there for 10 years "or such period as may be considered advisable." He also agreed that she should have entire control of the children, and that he would send a monthly sum for their support and that on his death he would provide for them. It is undisputed that the plaintiff's father never followed the family to America and that neither his wife nor children ever received any support or legacy from him. He died in 1928.

The averments of the complaint as to the cause of the separation are not admitted nor is there any competent proof that the plaintiff's parents were divorced or that their separation was in accordance with any formal legal proceedings.

The plaintiff's citizenship depends upon her mother's status at two different points in her life; first, at the time of the plaintiff's birth and second, after the return of the family to America. If her mother's marriage to a Japanese subject and continued residence in Japan thereafter resulted in her expatriation *and* if, upon her return to America in 1900, she regained American citizenship, then, by virtue of the Act of March 2, 1907, Sec. 5, 34 Stat. 1229, as well as by the American common law of nationality prior to that Act, the plaintiff has become an American citizen.

Whether or under what circumstances, prior to the Act of 1907, an American woman married to a foreigner lost her American citizenship involves the vexed question of expatriation—a question which produced a century of obscure and hopelessly conflicting court decisions, contradictory departmental rulings and fragmentary legislation, all growing from ambivalent national policy in which the impulse to retain the allegience of our own nationals and the desire to invite renunciation of citizenship from aliens were in opposition. An Appellate Court will, no doubt, have the benefit of the briefs which contain a complete and wholly satisfactory analysis of the decisions and rulings and, were I to undertake to review them, I could hardly do better than incorporate the briefs at length in this opinion. I will, therefore, simply state my conclusion that by the law of the United States the marriage of the plaintiff's mother to a citizen of Japan in Tokyo in 1886 taken in connection with her prior residence there and her continuing to reside there for 14 years thereafter resulted in the loss of her American citizenship.

The only ruling by this court upon the question (In re Wright, D.C., 19 F.Supp. 224) suggests the view just stated, although the point actually decided in that case was somewhat narrower, the decision being that prior to the Act of 1907, an American woman did not lose her citizenship *solely* by reason of her marriage to an alien. Judge Maris, however, went on to say: "The most that can be said is that the marriage of an American woman to an alien gave her an election to renounce her citizenship. To effect this renunciation and to complete expatriation, however, it was necessary for her to withdraw from the

country or take some other equally patent step to show her election. * * * We accordingly conclude that if Mrs. Wright lost her United States citizenship, it was not lost solely by reason of her marriage prior to September 22, 1922, to an alien, but resulted from her marriage plus her withdrawal from the United States." The plaintiff's mother at the date of her marriage had already withdrawn from the country and her continuing to reside in Japan with her Japanese husband for fourteen years and her bringing up a family there without once returning to the United States supplies the other "patent step to show her election."

█ The defendants do not seriously question that if the plaintiff's mother lost her citizenship the provisions of the now repealed Act of 1907 apply and govern the present status of the plaintiff. That Act provided:

"A child born without the United States of alien parents shall be deemed a citizen of the United States by virtue of the * * * resumption of American citizenship by the parent, where such * * * resumption takes place during the minority of such child. The citizenship of such minor child shall begin at the time such minor child begins to reside permanently in the United States." 34 Stat. 1228, § 5, 8 U.S.C.A. § 8.

The operation of this portion of the Act was obviously intended to be retroactive and it was directed to cases of resumption of citizenship by expatriated parents taking place before as well as after its passage.

The Act of 1907 further provided that:

"At the termination of the marital relation she (the expatriated parent) may resume her American citizenship, if abroad, * * * by returning to reside in the United States * * *." § 3, 8 U.S.C.A. § 9.

The question here is, whether the separation of the plaintiff's mother from her husband and her return to the United States amounted to a termination of her marital status because, unless it did, her mere residence here would not restore her citizenship. Prior to the Act of 1907 there was no specific statutory provision governing the resumption of citizenship by termination of an alien marriage nor, so far as I know, any court decision. Some rulings of the State Department have been cited, but they do not quite reach the question here presented. However, inasmuch as the plaintiff's mother continued to reside in the United States not only before but for many years after 1907, her citizenship could be reacquired under that Act as well as under the law prior to 1907.

I have no question that the facts, as admitted or undisputed, are sufficient to show, for the purpose of establishing repatriation, a complete termination of marital status, apart from any question of divorce. The fact that the plaintiff's mother resided in America continuously for over 30 years after she left Japan without ever going back is compelling evidence that she left with the animus non revertendi. The document signed by her husband indicates that he fully understood that the separation was to be a permanent one if she desired to make it so, and it is obvious that that was her desire. The matter of divorce or no divorce may be of importance in determining whether a marital status has terminated in cases where the parties are domiciled in the same country. Where distance and race offer no bar to easy resumption of the marriage relation, separations are often equivocal and, especially where title to property is involved, the recorded evidence of legal proceedings may be needed. But, where a wife of a different race from that of her husband takes her children and leaves his country never to return and the issue is her citizenship and the only question is whether the marriage has really come to an end, I think that the point whether or not there was a divorce, even if raised by the pleadings, is not an issue as to a material fact.

I hold that the plaintiff's mother had lost her American citizenship before the birth of the plaintiff, that she recovered it when she returned to this country in 1900 and that by reason of those facts the plaintiff has become an American citizen.

Summary judgment may be entered for the plaintiff accordingly.